19602

The STATE, Respondent, v. Jimmie HEARDE, Appellant

(195 S. E. (2d) 607)

*Ernest A. Finney, Jr., Esq.,* of Sumter, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Emmet H. Clair* and *Robert M. Ariail, Asst. Attys. Gen.,* of Columbia, and *R: Kirk McLeod, Sol.,* of Sumter, *for Respondent,*

304

March 29, 1973.

*Per Curiam:*

Appellant was convicted of armed robbery at the May 1971 term of the Court of General Sessions for Sumter County. The charge arose out of the robbery of a liquor store at gun point on the previous April 9th.

Upon trial, appellant was identified in court by his victim who had also previously identified him in a lineup conducted at the Sumter County jail several days after the robbery. At such lineup the appellant was represented by appointed counsel who was one of the attorneys defending him upon trial. The appeal is predicated on the contention that the court should have excluded the identification testimony of the victim. The contention is obviously without merit, and requires, we think, no lengthy discussion.

Appellant was not only represented by counsel at the lineup but there is a complete absence of anything in the record to even suggest that there was anything unduly suggestive about the lineup or that there was any failure to fully comply with the principles and requirements of the controlling decisions of the United States Supreme Court, to wit: *United States v. Wade,* 388 U. S. 218, 87 S. Ct. 1926, 18 L. Ed. (2d) 1149; *Gilbert v. California,* 388 U. S. 263, 87 S. Ct. 1951, 18 L. Ed. (2d) 1178, and *Stovall v. Denno,* 388 U. S. 293, 87 S. Ct. 1967, 18 L. Ed. (2d) 1199.

Appellant's only other contention is that he was entitled to a directed verdict of not guilty. Such is predicated on his previous contention that the identification testimony should have been excluded and it follows that his latter contention is obviously without merit.

The judgment below is, accordingly,

Affirmed.